UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH DOMINGUEZ,<br><br>    Plaintiff,<br><br> v.<br><br>MARK BACHOFER, et al.,<br><br>    Defendants. | Case No. 24-cv-02904-RFL<br><br>**ORDER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 51 |

   Elijah Dominguez, who is proceeding *pro se* without an attorney, initially brought Americans With Disabilities Act ("ADA") retaliation claims against Mark Bachofer and Kerry Kip, librarians at the Contra Costa County Public Library. (Dkt. No. 1.) In a Screening Order issued on December 16, 2024, the Court determined that Dominguez failed to state any cognizable claims and dismissed the Complaint with leave to amend to correct the identified deficiencies. (Dkt. No. 46.) Specifically, the Court found that the Complaint lacked "any allegations that Dominguez is a qualified individual with a disability" and "detail[s as to] what his complaint against the library was about or when it was made." (Dkt. No. 46 at 3.)

   Dominguez timely filed a First Amended Complaint ("FAC") realleging his ADA claims and adding several new constitutional claims and a malicious prosecution claim against Kip and Bachofer. (Dkt. No. 51.) Dominguez also brings sexual harassment claims against Annie Russell, another librarian, and various criminal claims against Magistrate Judge Kandis Westmore and Monika Cooper, who is allegedly the library's attorney. Pursuant to 28 U.S.C. § 1915, the Court has reviewed the FAC and, taking Dominguez's allegations as true as required at this stage of the case, Dominguez has stated claims against Defendants for violation of his rights

under Title III and Title V of the ADA, but has failed to state any other claims.  Dominguez's claims against Magistrate Judge Westmore and Cooper and his malicious prosecution claim are dismissed without leave to amend, and Dominguez's First, Fifth, Sixth, and Fourteenth Amendment claims and sexual harassment claim are dismissed with leave to amend.

*Legal standard.*  In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen the complaint.  28 U.S.C. § 1915(e)(2).  If the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed.  *Id.*  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plaintiff must allege a factual and legal basis for each claim sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  The Court may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), and it also need not accept a plaintiff's legal conclusions as true, *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without legal representation, the Court must construe the complaint liberally.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

*Factual allegations.* The FAC alleges as follows: Dominguez is a qualified individual under the ADA because he has limited mobility due to injury, autism, schizophrenia, bipolar disorder, Asberger's syndrome, Tourette's syndrome, attention deficit disorder ("ADD"), and attention deficit hyperactivity disorder ("ADHD"). (FAC at 1–2.) On or around March 8, 2024, Kip allegedly suspended Dominguez from the Contra Costa County Public Library for a day because he smelled strongly of marijuana. (FAC at 1.) Soon after, Kip and Russell suspended Dominguez from the library again—this time for a week—because he had cursed in the library. Dominguez allegedly explained to them that he had ADD, ADHD, and Tourette's, and that he swore because he had become upset after missing a court filing deadline, but Kip and Russell proceeded with the suspension in accordance with library policy. (FAC at 2.) An unspecified amount of time later, Dominguez entered the library again. This time, Bachofer handed Dominguez a one-month suspension allegedly for singing "I need fifty dollars to make you holler, I get paid to do the wild thing" out loud, which made Russell believe that Dominguez was propositioning her for sex. (FAC at 2.) On March 29, 2024, Dominguez alleges that he was again suspended for an unknown amount of time after he informed the librarians that he would be suing them for violations of his civil rights and the ADA. (FAC at 3.) The library sought and received a workplace restraining order against Dominguez, which issued on April 12, 2024. (*Id.*) On May 5, 2024, Dominguez was further suspended from the library for one year. (*Id.*)

*Discussion.* Based on the allegations in the FAC, Dominguez sues Kip and Bachofer for violations of Title III and Title V of the ADA, violations of the First, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution, and malicious prosecution. Title III of the ADA prohibits discrimination on the basis of disability in any place of public accommodation, including libraries, and Title V prohibits retaliation for engaging in conduct protected under Title III. *See* 42 U.S.C. §§ 12182(a), 12203(a)–(b). Discrimination is defined as:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would

3

> fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii).  Liberally construed, Dominguez's allegations state an ADA claim against Kip and Bachofer.  Dominguez plausibly alleges that his disabilities may cause him to utter unwanted and/or offensive sounds, and that Kip and Bachofer failed to make reasonable modifications to its policies after being informed of Dominguez's disabilities.  Though Defendants may ultimately be able to demonstrate that accommodating his disabilities would fundamentally alter the nature of library services for other patrons, that issue is not before the Court at this stage.  Furthermore, taking the allegations as true, Dominguez adequately states a retaliation claim under Title V of the ADA, as Dominguez has pled that he was further suspended after informing the librarians that he intended to sue the library for violation of his rights under the ADA.

Dominguez's constitutional, sexual harassment, and malicious prosecution claims, however, must be dismissed.  Dominguez alleges that Kip and Bachofer violated the First Amendment when they suspended him from the library for swearing and singing explicit lyrics because the library is considered a "public forum," his behavior did not cause "immediate danger or alarm," and "lyrics that are explicit[] in nature are protected activity [under the First Amendment]."  However, most courts consider libraries to be *limited* public forums, *see Van Den Heuvel v. Dorothy*, No. 221CV2176TLNCKDPS, 2022 WL 95237, at *3 (E.D. Cal. Jan. 10, 2022), and the government may limit expressive activity in such fora if the limitation is reasonable and viewpoint neutral.  *Tyler v. Coeur d'Alene School District #271*, 568 F. Supp. 3d 1071 (D. Idaho 2021).  The FAC does not contain any allegations explaining why the library's noise and profanity policies are not reasonable or viewpoint neutral.

Dominguez's Fifth, Sixth, and Fourteenth Amendment claims, as well as his sexual harassment claim against Annie Russell, are also insufficiently pled.  The FAC fails to provide any specific factual allegations connecting Kip, Bachofer, or Russell to each alleged violation of the law.  *See* Fed. R. Civ. Pro. 8.  For example, while the FAC states that Russell believed Dominguez was propositioning her for sex, there are no allegations indicating that Russell

4

sexually harassed Dominguez.  Because these claims are brought for the first time in the FAC, dismissal is with leave to amend.

Dominguez also brings what appears to be criminal causes of action—*e.g.*, mail fraud, hate crimes, and obstruction of justice.  Such criminal provisions do not provide a basis for civil liability.  Dominguez further claims that Defendant Monika Cooper fraudulently "abuse[d]" her law license when she refused to accept service of this case.  But Cooper was under no obligation to do so prior to the Court's screening of the case.  28 U.S.C. § 1915(d).  Dominguez also alleges that Magistrate Judge Kandis Westmore "abuse[d the] legal process" and "abuse[d her] judicial license" by allegedly stealing Dominguez's mail and failing to file it on the docket.  Judges, however, are entitled to absolute judicial immunity for acts that relate to the "judicial process" even when it is alleged that such action is driven by malicious or corrupt motives.  *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).  Judge Westmore's decisions regarding whether to accept items for filing is part of the judicial process and therefore immune from suit.  Lastly, Dominguez alleges malicious prosecution—presumably for the workplace restraining order filed against him—but fails to allege that the suit was frivolous.  Nor does it appear that Dominguez could plausibly so allege, as the restraining order was ultimately issued.  Since there is no amendment that would cure these deficiencies, Dominguez's malicious prosecution claims and his claims against Judge Westmore and Cooper are dismissed without leave to amend.

*Conclusion*.  After screening the complaint pursuant to 28 U.S.C. § 1915, the Court finds that the complaint states an ADA claim against Kip and Bachofer but has failed to state any other claims.  Dominguez may file an amended complaint by May 2, 2025 to attempt to correct the deficiencies as to his First, Fifth, Sixth, and Fourteenth amendment claims and sexual harassment claim; alternatively, Dominguez may submit a statement to the Court indicating that he wishes to proceed on the ADA claim only.   If Dominguez submits such a statement, or if Dominguez fails to file an amended complaint in time, the Court will ask the United States Marshal to proceed with service using the FAC.  This screening order does not preclude Defendants from bringing a motion to dismiss the ADA claim.

Dominguez is advised that any amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

It is Dominguez's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." Although Dominguez is not represented by a lawyer, he is still required to follow the Federal Rules of Civil Procedure and the Local Rules of this District. *See* Civ. L.R. 3-9(a). He must also comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 14, 2025

RITA F. LIN
United States District Judge