UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH DOMINGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARK BACHOFER, et al.,<br><br>Defendants. | Case No.  24-cv-02904-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 64, 71 |

Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.  "Title III [of the ADA] applies to private entities that open themselves to the public." *Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023) (citation omitted).  Defendants are not private entities, so the Title III claim fails.  *See, e.g.*, *Mihan v. Regents of the Univ. of Cal.*, No. 16-cv-01390-KJM, 2016 WL 6875911, at *3 (E.D. Cal. Nov. 21, 2016).

The Title V retaliation claim must also be dismissed because Plaintiff has not adequately alleged any unlawful act or practice under Title III and has identified no other provision of the ADA that has been violated.  *See Conlin v. Mission Foods Corp.*, 850 F. Supp. 856, 861 (N.D. Cal. 1994) ("Title V is contingent upon the substantive violations of other provisions of the [ADA]."); *see, e.g.*, *Fenimore v. Lane Cnty. Republican Cent. Comm.*, No. 23-35245, 2024 WL 3250368, at *2 (9th Cir. July 1, 2024).  Nor has Plaintiff adequately alleged a "reasonable belief" that he was opposing such an unlawful act or practice under the ADA.  *See Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (Title VII); *Volis v. Hous. Auth. of L.A. Emps.*, No. 13-cv-01397-MMM, 2014 WL 12675082, at *5 (C.D. Cal. Jan. 16, 2014) ("ADA retaliation claims are assessed under the same framework as retaliation claims under Title VII." (citation omitted)).

1

Dismissal is with leave to amend.  Defendants argue that Plaintiff could never state an ADA claim arising from his "disruptive behavior that ha[s] nothing to do with his claimed disabilities" and that the ADA "does not allow a person to go into a library and spew profanities and sing crude songs."  (*See* Dkt. No. 64 at ECF Pages 9-12.)  Though it may indeed be difficult to allege circumstances plausibly demonstrating an ADA claim in these circumstances, the record is not sufficient to establish that amendment would necessarily be futile, particularly as to a *pro se* plaintiff.  Plaintiff is cautioned, however, that any amended ADA claim must sufficiently allege facts demonstrating that the criteria imposed on his being in the library were not necessary for the provision of the library's services.

Plaintiff's motion to strike the motion to dismiss is **DENIED** because Plaintiff's arguments concern reasons to deny the motion to dismiss and not to strike it.  The Court has considered those arguments in evaluating the motion to dismiss and determined that none of them justify denying the motion to dismiss.

If Plaintiff wishes to file an amended complaint correcting the deficiencies identified in this Order, he shall do so by **April 13, 2026**.  If no amended complaint is filed by the deadline, the claims will remain dismissed with prejudice, and judgment will be entered in favor of Defendants.

**IT IS SO ORDERED.**

Dated: March 12, 2026

RITA F. LIN
United States District Judge